UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LISA M. HUDSON,

        Plaintiff,

-against-                       1:04-CV-1448
                                         (LEK/GJD)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## **<u>DECISION AND ORDER</u>**

      This matter comes before the Court following a Report-Recommendation dated February 22, 2006, and filed February 23, 2006, by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Report-Rec. (Dkt. No. 11). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff, which were filed on March 10, 2006[1]. Objections (Dkt. No. 12).

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or

---

[1] It should be noted that Plaintiff's objections were filed late. The parties have ten days from the filing date of the Report-Recommendation - excluding weekends, legal holidays, and the day of issuance/filing of the Report-Recommendation - to file objections. <u>See</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6, 72; N.D.N.Y. L.R. 72.1(b); <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993). Although the objections should have been filed on or before Thursday, March 9, 2006, they were actually filed on Friday, March 10, 2006. However, this Court will, nonetheless, consider Plaintiff's objections at this time.

1

recommendations made by the magistrate judge." Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.[2]

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED in its ENTIRETY**; and it is further

**ORDERED**, that the Commissioner's decision, denying disability benefits, is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED: March 27, 2006
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[2] Note that the case of Bluvband v. Heckler, 730 F.2d 886, 891 (2d Cir. 1984), Report-Rec. (Dkt. No. 11) at 4, has been superceded by regulation on grounds other than those for which the case is cited in the Report-Recommendation. See, e.g., Schisler v. Sullivan, 3 F.3d 563 (2d Cir. 1993). Furthermore, the pin cite provided for Barnett v. Apfel, 13 F. Supp. 2d 312 (N.D.N.Y. 1998) (Hurd, M.J.), was incorrectly stated to be 316.  Report-Rec. (Dkt. No. 11) at 16.  The correct pin cite is at pages 316-317.